**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLORINDA NIZ-CHAVEZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   19-73198

Agency No. A097-654-146

MEMORANDUM*

On Petition for Review of an Order of an
Immigration Judge

Argued and Submitted April 15, 2021
Seattle, Washington

Before: GRABER and CALLAHAN, Circuit Judges, and SELNA,** District Judge.
Dissent by Judge CALLAHAN

Florinda Niz-Chavez, a native and citizen of Guatemala, reentered the

United States illegally. The Department of Homeland Security (DHS) ordered her

removed after reinstating an earlier removal order. Because she expressed fear of

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

persecution and torture if returned to Guatemala, Ms. Niz-Chavez was given a hearing before an asylum officer to determine whether her fears were reasonable. The asylum officer determined that Ms. Niz-Chavez was credible but that she had not suffered harm on account of a protected ground. Ms. Niz-Chavez sought review by an immigration judge (IJ). The IJ affirmed the asylum officer's determination and Ms. Niz-Chavez timely petitioned the Ninth Circuit for review.

We have jurisdiction to review the IJ's decision. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021). We review her "constitutional and legal challenges to the reasonable fear screening process as well as [her] factual challenge to the evidentiary support for the immigration judge's decision." *Id.* (citation omitted). We grant the petition and remand.

**1.** Ms. Niz-Chavez asserts that in her hearing before the IJ she was denied her right to counsel (at no expense to the government). In *Orozco-Lopez v. Garland*, No. 20-70127, 2021 WL 3745765, at *11 (9th Cir. 2021), we held that a non-citizen with a reinstated removal order has a statutory right to representation at her reasonable fear hearing before an IJ. However, Ms. Niz-Chavez waived this right when she expressly agreed to proceed without counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *see also Orozco-Lopez*, 2021 WL 3745765, at *10.

**2.** Ms. Niz-Chavez asserts that the IJ erred in holding that Guatemalan

women and Guatemalan women who are viewed as property cannot constitute cognizable groups under 8 U.S.C. § 1101(a)(42)(A). When it made its decision, the BIA did not have the benefit of *Matter v. A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). Accordingly, we grant the petition and remand this matter to the BIA to reconsider Ms. Niz-Chavez's claim on the merits.

The petition is **GRANTED,** the IJ's decision is **VACATED**, and the matter is **REMANDED**.

**Florinda Niz-Chavez v. Garland, No. 19-73198**

*CALLAHAN, Circuit Judge, dissenting:*

I respectfully dissent, not because I am not sympathetic to Ms. Niz-Chavez's situation, but because I cannot conclude that she has shown that the immigration judge's denial of relief was not supported by substantial evidence.

Although the asylum officer found Ms. Niz-Chavez credible, the immigration judge (IJ), in addition to not being receptive to her claims of belonging to gender-based cognizable groups, determined that she had failed to establish an adequate nexus between her past harm and her membership in a proposed cognizable group, and "failed to establish a reasonable possibility of willful blindness by government officials in the future."

We have held that to be granted relief a petitioner such as Ms. Niz-Chavez must present evidence that "any reasonable adjudicator would be compelled to conclude to the contrary." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016) (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). In addition, for relief under the Convention Against Torture, "a person must demonstrate that the torture was 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Id*. at 836 (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)).

I find that the record supports the IJ's determinations of a lack of nexus between Ms. Niz-Chavez's past harm and membership in her alleged cognizable groups and that Ms. Niz-Chavez "failed to establish a reasonable possibility of willful blindness by government officials in the future." Accordingly, I would deny the petition for relief.